THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| C.F., D.F., and S.F.,<br><br>Plaintiffs,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-00168-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C.

§ 636(b)(1)(A).[1] Before the court is an unopposed motion to proceed under initials filed by

Plaintiffs C.F., D.F., and S.F. (collectively, "Plaintiffs").[2] For the reasons explained below, and

because the motion is unopposed, the court grants the motion.

## BACKGROUND

This case concerns Defendants' denial of benefits for S.F.'s care.[3] Plaintiffs' amended

complaint provides a detailed account of the struggles S.F. endured as part of numerous mental

health diagnoses and the treatment S.F. received because of the dysfunction caused by those

diagnoses, which included anxiety disorder, depression, obsessive compulsive disorder, body

---

[1] ECF Nos. 16, 27.

[2] ECF No. 33.

[3] *See generally* ECF No. 6.

dysmorphic disorder, and attention deficit and hyperactivity disorder, among others.[4] Plaintiffs

presented extensive evidence from S.F.'s medical records, medical and behavioral history, and

other private documents in support of appeals asserting that S.F.'s care should have been

covered.[5] Those documents included sensitive and personal information about S.F.'s complex

medical history and behavior.[6]

### LEGAL STANDARDS

Under Fed. R. Civ. P. 10, "[t]he title of the complaint must name all the parties."[7] No

provision in the Federal Rules of Civil Procedure permits "suits by persons using fictitious

names" or "anonymous plaintiffs."[8] However, "exceptional circumstances" may warrant "some

form of anonymity in judicial proceedings."[9] Exceptional circumstances include those cases

"involving matters of a highly sensitive and personal nature, real danger of physical harm, or

where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's

identity."[10] In deciding whether to preserve anonymity, the court weighs any exceptional

circumstances against the public's interest in access to legal proceedings.[11] Courts enjoy

---

[4] *See generally id.*

[5] *See generally id.*

[6] *See generally id.*

[7] Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a).

[8] *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

[9] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

[10] *Id.* (quotations and citation omitted).

[11] *Id.*

"discretion [in] allow[ing] a plaintiff to proceed using a pseudonym."[12] If a court grants

permission for plaintiffs to proceed anonymously, "it is often with the requirement that the real

names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter."[13]

When no permission is granted, "the federal courts lack jurisdiction over the unnamed parties, as

a case has not been commenced with respect to them."[14]

### ANALYSIS

The court grants Plaintiffs' unopposed motion to proceed under initials because this case

implicates "exceptional circumstances" the Tenth Circuit recognizes as warranting anonymity.

Several reasons weigh in favor of protecting Plaintiffs' identities in this matter. The court takes

each in turn.

First, the medical records in this case refer almost exclusively to S.F.'s highly sensitive

and personal medical issues, which constitutes an "exceptional circumstance" that weighs against

disclosure of S.F.'s identity. Additionally, because of the relationship between S.F. and S.F.'s

parents, C.F. and D.F., disclosure of C.F.'s and D.F.'s full names would have the impact of

revealing S.F.'s identity.[15]

---

[12] *U.S. Dep't of Just. v. Utah Dep't of Com.*, No. 2:16-cv-00611-DN-DBP, 2017 WL 963203, at *1 (D. Utah Mar. 10, 2007) (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)).

[13] *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).

[14] *Id.* (quotations and citation omitted).

[15] *See, e.g.*, *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) (concluding that a child "and his parents share common privacy interests based on their inseparable relationship to one another" and that "[o]rdering disclosure of the parent[s'] identities" would effectively reveal the child's identity).

Second, a substantial portion of the record in this case is comprised of S.F's protected health information and records relating to S.F.'s treatment. Those records are protected from public disclosure by HIPAA.[16]

Finally, Plaintiffs' identities are known to Defendants, as Defendants insured Plaintiffs and administered the coverage for the insurance plan. Consequently, allowing Plaintiffs to proceed under initials does not prejudice Defendants.

In sum, the public interest in access to Plaintiffs' identities appears relatively limited compared to the interest in protecting Plaintiffs' identities and matters of a highly sensitive and personal nature. Therefore, the court concludes that Plaintiffs should be permitted to proceed under initials.

## ORDER

For the reasons stated above, the court HEREBY ORDERS:

1.    Plaintiffs' unopposed motion to proceed under initials[17] is GRANTED.

2.    On or before March 6, 2025, Plaintiffs must file under seal with the court a document containing Plaintiffs' full names. That filing shall remain under seal unless the court orders otherwise.[18]

---

[16] 42 U.S.C. § 1320d *et seq*.

[17] ECF No. 33.

[18] *W.N.J.*, 257 F.3d at 1171 ("If a court grants permission [to proceed anonymously], it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter.").

IT IS SO ORDERED.

DATED this 20th day of February 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge